**BAUMAN, Exrx., Plaintiff, v. BAUMAN et, Defendants.**

Probate Court, Franklin County.

No. 75790. Decided February 16, 1937.

A. L. Richard, Columbus, for Cora Bauman.
Kermit C. Sitterly, Lancaster, for defendants.

## DECISION ON APPLICATION FOR CONSTRUCTIONS OF WILL

### OPINION

By McCLELLAND, J.

This matter comes on to be heard upon the application of the Executrix herein for a construction by the Court of several phases of the will of the deceased, Lewis F. Bauman, and the Answers of other defendants herein. Upon consideration of the testimony, we find that the Plaintiff is the duly appointed and qualified Executrix of the Last Will and Testament of the deceased, who was her husband. The deceased died on or about the 26th day of November, 1935, leaving the Plaintiff as his surviving spouse, and also brothers and sisters and some other blood relatives. We find that the deceased left no children and that the surviving spouse was the second wife of the deceased, which circumstances it is proper to take into consideration in the construction of the will of the deceased.

The particular portion of the will to which the Court's attention is directed are Items 2 and 3 thereof, which are as follows:

"ITEM 2: I give, devise and bequeath all of my property, real and personal and mixed, to my wife, Cora B. Bauman, absolutely and in fee simple, except as hereinafter stated."

"ITEM 3: Upon the death or remarriage of my said wife, Cora B. Bauman, I give and bequeath to my brother, William

Bauman, the sum of Three Thousand Dollars ($3000.00), to my brother, Daniel Bauman, the sum of Three Thousand Dollars ($3000.00), to my sister Sophia Anneshensley, Three Thousand Dollars ($3000.00), to my sister, Sarah Hite, Three Thousand Dollars ($3000.00), to my sister, Clara Dilger, Three Thousand Dollars ($3000.00), to my niece Rhea Dilger, Six Thousand Dollars ($6000.00), to the West Rushville Burial Association Three Hundred Dollars ($300.00), to the Grace Lutheran Burial Ground west of West Rushville Three Hundred Dollars ($300.00), provided, however, that in case any one or more of the aforesaid legatees shall die before my death or before the death of my said wife, Cora B. Bauman, I give and bequeath his or her portion above specified to his or her heirs respectively, share and share alike."

The Petitioner takes the position that Item 2 of the will creates a fee simple estate in Cora B. Bauman, the surviving spouse, and that the provisions of Item 3 of the will is an attempted limitation upon the fee simple estate created by Item 2 thereof, and that the attempted limitation is an inoperative and invalid limitation.

Counsel for the Defendants take the position that Cora Bauman, the surviving spouse, takes a life estate in the property, and that the remainder is in the Defendants who are the persons named in Item 3 of the will.

The Court does not agree with counsel for either of the parties.

There are a great many rules of construction applicable to the interpretation of wills, two or three of which must be followed by the Court in the case at bar. The first, a cardinal rule of construction is that the will of the testator shall be ascertained by examining the entire will. Another rule which is applicable in the case at bar is that a will should be construed so as to dispose of the entire estate and not only a portion of it. A third rule is that wills should be construed so as to vest the title or estate as early as possible. With these three rules in mind, let us examine the two provisions of the will to which the Court's attention has been directed.

In Item 2, the testator uses the following language:

"I give, devise and bequeath all my property real and personal and mixed, to my wife Cora B. Bauman, absolutely and in fee simple, except as hereinafter stated".

It would have been impossible for the testator to use language any more explicit than the language used in the above quoted item, in order to create a fee simple estate, had it not been for the last phrase thereof "except as hereinafter provided".

In Item 3, he uses the following language: "Upon the death or remarriage of my wife Cora B. Bauman, I give and bequeath to, etc". He then provides for a number of specific legacies to various relatives and to two institutions. There is no language used by the testator which either directly or inferentially limits the use of the corpus of the estate to the life time only of the surviving spouse. He gives his property to her both real and personal absolutely and in fee simple. If we should consider this language to be anything other than a fee simple estate there would necessarily have to be some specific provisions which would limit the estate to less than a fee simple.

Upon an examination of the language of Item 2 of the will, we cannot conclude that this creates a limitation upon the estate which the surviving spouse has in the property of the testator. If it is a limitation at all it is a limitation upon the corpus of the property, but we cannot believe that it is such. The testator simply says that whenever his wife's death occurs, or whenever she remarries, the amounts specified in Item 3, shall be paid to the respective persons and institutions therein named. In our opinion the provisions of Item 3 constitute nothing more nor less than specific legacies payable upon the remarriage or death of the surviving spouse.

In arriving at this construction we are following the principle of construction that estates should vest at the earliest possible time.

It is the contention of the defendants that the estate created in the surviving spouse is only a life estate. With this, of course, we do not agree as we have heretofore stated. If the estate be a life estate and the corpus or quantity of the estate is more than sufficient to satisfy the gifts made in Item 3, then that unconsumed portion would not pass under the will, because there is no language creating a remainder; and in so construing the will we would be violating a rule of construction which would require us if possible to so construe the will as to dispose of the entire estate.

Upon a further examination of Item 2, we find that the devise of real estate to Cora Bauman is a general devise in fee simple. We also find that the bequest of personal property is a general bequest, also of an absolute title thereto.

When the testator used the words in the last phrase of Item 2, it is our opinion that he did not limit the estate which the deceased spouse took in his property, but that he intended to give it subject to the payment of certain legacies which he mentioned in Item 3. These legacies are specific legacies but not demonstrative, and being specific legacies, they are as a charge upon the personal property generally devised, and if the personal property generally devised is not sufficient to pay same, then the real estate generally devised is subject to the payment of same.

It is therefore our opinion that the bequest in money mentioned in Item 3 constitutes a charge upon the estate of Lewis F. Bauman, because the entire estate was a general devise and that the property shall be exhausted in the following order;

First, after the payment of debts, the personal property shall be exhausted.

Second, when that is exhausted, the real estate must be exhausted as far as necessary in order to pay the specific legacies.

In our opinion, the statement above answers the inquiry of the first paragraph of the second page of the Petition, except the second portion of the inquiry contained therein. As we have heretofore held, the real estate is subject to the charge for the payment of these legacies until the same are paid. The personal property of course is charged first, with the payment of the legacies, and in our opinion the same should be held intact until the death or remarriage of the widow, unless it should be necessary to consume the same in the payment of debts. In our opinion, the same should be held in trust during the lifetime of the widow, or until her remarriage, so that the same might be used for the satisfaction of the legacies mentioned in Item 3 of the will.

In the second paragraph of the second page of the Petition is contained the inquiry as to whether the widow should elect not to take under the will, but to take under the statute of descent and distribution. This is not a province of the Court. It is the duty of the Court to explain to the widow what she would receive under the will and what she received under the law, and then it is incumbent upon the widow herself to make her choice.

The Plaintiff further asks the Court to make a declaration or finding as to whether the sum of $405.36, deposited in the names of Lewis F. Bauman and Cora B. Bauman, in the Rushville Banking Company, is a part of the estate of the deceased, or whether it belongs to Cora B. Bauman.

Certain testimony was adduced at the hearing rela-
tive to the above named certificate of deposit. We
have examined the documentary evidence pertaining to
this certificate of deposit, but the same is not satisfactory
to the Court. We have before us the notation of Mr. Fred
B. Lewis, Cashier, stating that back about 1930, at Mr. Bau-
man's request, his account was changed to a joint account
with Cora Bauman, payable to either or the survivor and we
took her signature for this purpose. This statement of Mr.
Lewis that the account was changed to a joint account, is
purely a conclusion. Before we arrive at a satisfactory an-
swer to the inquiry pertaining to this deposit, it will be neces-
sary that we have further evidence.

We have examined carefully the briefs filed by counsel for
all parties relative to the questions at issue. We do not dis-
agree with counsel as to the principles of law, but we do not
believe that the cases cited are in point.

### DECISION ON SUPPLEMENTAL HEARING

No. 75790. Decided June 14, 1947.

By McCLELLAND, J.

This matter comes on to be heard on a supplemental hear-
ing on the question as to whether or not the specific legacies
were intended by the testator to be a charge upon the real
estate passing under his will. We have heretofore made a
finding that the legacies were a charge upon the deceased's
real estate. The real estate passed as a residuary devise
under the will of Mr. Bauman. When the court made the
decision it was made upon a different theory than those
presented by either of the parties. The widow took the posi-
tion that the will created in her a fee simple estate, and
that the creation of the alleged legacy was an attempt to
cut down a fee and therefore void. The devisees or legatees
under the will take the position that they were the owners
of the property, and that the widow had only a life interest
in the same. This court held, however; that the money gifts
were specific legacies and that they were a charge upon the
real estate. The court could make no other finding in the
light of the testimony which was before it at the time. We
did suggest, however, that if Mr. Bauman's circumstances at
the time of writing his will were such as to indicate an in-

tention not to charge the real estate with the payment of those legacies, the court would hear such testimony.

We have taken the testimony offered by the parties. We will not attempt to review the testimony as there is apparently no dispute whatsoever about the facts. We find that at the time of the execution of the will, Mr. Bauman was possessed of personal property and securities in an amount of more than enough to satisfy the legatees.

We have received testimony relative to Mr. Bauman's financial transactions from the date of making his will up until the time of his death. The evidence of these transactions was received purely for the purpose of determining, if possible, his intent at the time of making the will. Even though the evidence adduced might have a tendency to show a change of intent for making the will, it cannot be used for that purpose. Such probative evidence must be used for the purpose of ascertaining the intention of the testator at the time the will was made and at no other time. We must apply the law as we find it to the case. It is our opinion that the law of Ohio pertaining to a situation such as we have in this case is properly stated by the Supreme Court in its decision in the case of **Koontz v. Hubly, et al,** reported in **111 Oh St** at page 414. We will quote the syllabus of that case as follows:

"The rule of construction applicable to will, that where legacies are given generally and no fund is provided from which they are to be paid and afterward her residue of the real and personal estate is given in one mass of legacies con- stitute a charge upon the whole residuary estate, is not absolute. It is to be applied only in those cases where from the terms of the will and a consideration of all the circum- stances it is fairly to be inferred that at the time the will was made the testator must have realized that he had no property out of which such legacies could be paid and that satisfaction out of the residuary estate is necessary."

The above case also refers to **Theobald v. Fugman, 64 Oh St 473,** the second syllabus of that case is decisive of the question that we have before us in the Bauman case. The second sylla- bus reads as follows:

"2. Legacies not specifically charged upon real estate will, nevertheless, be held to be charged upon such real estate,

and be a lien thereon, where it appears that the testator, at the time the will was made and at his decease, had no moneys or personal estate of any kind out of which such legacies could be paid, unless a contrary intention is manifest from the whole will."

In view of these two decisions which seem to have not been reversed, and applying them to the facts that we have, we are compelled to come to the conclusion that Mr. Bauman at the time of making his will did not intend to charge his real estate with the payment of the legacies. Our former opinion of that question will be revised in the light of the new testimony.

An order may be drawn accordingly.