**SCHLOEFFEL, Plaintiff, v. KIETZMAN,** et al., **Defendants.**

Probate Court, Franklin County.

No. 68206. Decided November 14, 1949.

David E. Evans, Columbus, for plaintiff.
Carl G. Nappi, Columbus, for defendants.

## OPINION

By McCLELLAND, PJ.

This matter comes before the Court upon the application of Henry A. Schloeffel for a Declaratory Judgment, the Construction of Will, and for other relief, therein referred to. It is to be noted that the petitioner asks for a construction of the will; a Declaratory Judgment that the devisees under the will had a fee simple title to the premises; that a certain contract be declared a valid contract; and that in the event the Court finds that the contract is not a valid contract that the estate be opened up and said contract of settlement be set aside and that the plaintiff be ordered to sell all the real estate to pay her debts and costs of administration.

It is to be noted first, that the applicant asks for a Declaratory Judgment. It is a fundamental principle in the application of the law pertaining to Declaratory Judgments that the Court will decline to enter a Declaratory Judgment in cases where the Court feels that it will not terminate the controversy. The Court in this case feels that it cannot determine whether the controversy will be terminated by the Declaratory Judgment until it construes the will. We will therefore proceed to construe the will and then determine whether or not the controversy will be terminated by a Declaratory Judgment.

The testatrix Anna Maria Schloeffel died on December 24, 1932, leaving a last will and testament, which was admitted to probate by this Court and her estate administered thereunder. We are only concerned with the interpretation of Item Five of that will, which contains the following language:

"Item Five: Subject to the payment of my debts and funeral expenses and the expenses of administering my estate and the charges hereinbefore in Item 2 of this Will made in favor of my son, Henry Schloeffel, and daughter, Alice Schloeffel, and also subject to the bequests heretofore made in Items 3 and 4, I give and devise all the rest and residue of my estate, real, personal and mixed and wherever situated now in my possession or hereafter acquired, to my four children, Anna Schaefer, Nellie Carson, Alice Schloeffel and Henry Schloeffel, share and share alike. If either of my four children shall have died before my death without leaving issue surviving, then I give and devise all said remainder of my property, real and personal, to those of my children named above who shall survive me, but if any of my said four children shall die before my death leaving issue surviving then such surviving issue of the child so dying before my death shall take the part and portion of my estate which the parent of such issue would have taken under this will if such parent had survived me.

It is also my will that if either of my said four children shall die after my death, leaving no issue surviving, that the part and portion of my estate devised and bequeathed to the child so dying by this item of my Will shall go to the surviving brothers and sisters of the one of my said children so dying and to the surviving issue of any of them that may have previously died, the issue of any child taking only such share as the parent of such issue would have taken if living."

The testimony discloses that one of the daughters of the testatrix, Alice Schloeffel, predeceased the testatrix unmarried and leaving no issue. Therefore, under the will, her portion would be divided equally between Henry Schloeffel, Anna Schaefer, and Nellie Carson. In 1935 the estate of the testatrix was in process of administration. The three children having learned that the personal property was insufficient to pay the debts and costs of administration entered into an agreement by the terms of which they made provision for the payment of the debts and costs of administration. and also by the terms of which agreement Anna Schaefer and Nellie Carson, two of the three legatees or devisees deeded their portions of the property devised to their brother Henry Schloeffel. A copy of the deed has been introduced in evidence and contains the following language:

"* * * in consideration of divers good and valuable considerations to them paid by Henry A. Schloeffel of Bexley,

Ohio, the receipt thereof is hereby acknowledged, do grant, bargain, sell and convey unto said Henry A. Schloeffel, one of the three devisees under the Last Will and Testament of said Anna Maria Schloeffel and also one of the heirs at law of said decedent, his heirs and assigns forever, the following described real estate (here follows a description of the real estate in question)

And all the estate title and interest of the said grantors, either in law or in equity of, to and in said premises; together with all the privileges and appurtenances to the same belonging:

To have and to hold the same to the use of said grantee, Henry A. Schloeffel, his heirs and assigns forever"

Then follows the warranty clause in which the grantors use the following language:

"* * * do hereby covenant with said grantee, Henry A. Schloeffel, his heirs and assigns, that they are the true and lawful owners of said premises, and have full power to convey the same; that the title so conveyed is clear, free and unencumbered, and that they do warrant and will defend the same against all claims of all persons whomsoever, * * *"

. It is to be noted that two of the three devisees above named were the grantors in this deed, and that the other devisee Henry Schloeffel, was the grantee. This deed was executed and delivered during the year 1935.

It is to be noted that by the terms of the will each one of the devisees received an undivided one-third interest in fee simple in the property of the testatrix, subject however, to being divested if either of them died leaving no issue. In that event, the portion belonging to the deceased devisee would go to the surviving devisees.

Anna Schaefer, one of the three devisees and one of the grantors in the deed dated in 1935, died in the year 1938, unmarried and leaving no issue. By the terms of the will her interest in the property became devested at her death and passed to the survivors Henry Schloeffel and Nellie Carson. Nellie Carson one of the grantors in the deed of 1935, died in October, 1945, leaving two children surviving her, and also grandchildren. Inasmuch as Nellie Carson died leaving issue, her fee simple title was perfected, and the contingency of divestation became impossible.

The situation however is different with respect to the portion which passed to Anna Schaefer. It will be noted how-

-ever, that she conveyed her interest in 1935. The deed was one of general warranty. Her interest became divested upon her death, and, by the terms of the will, passed to Henry and Nellie. They however, had conveyed the property three years prior thereto. The question then is presented as to who are entitled to her one-third under the circumstances? It is contended by the guardian ad litem of the minor defendants in this case that the one-half of the one-third would pass to the surviving issue of Nellie Carson inasmuch as it came to her after she deeded to her brother Henry one-third of the property which came to her directly from her mother. With this contention this Court cannot agree.

It is the policy in construing wills to see that the property vests at the earliest possible time, and therefore when it was divested by the death of Anna Schaefer in 1938, it vested in some person at that time. Nellie Carson was living at that time, and the one-half of the share of Anna Schaefer vested in Nellie Carson, and the other one-half in Henry Schloeffel.

The next question presented is whether or not the deed of Anna Schaefer and Nellie Carson executed in 1935 carried their contingent interest in the property under investigation. It is a generally accepted rule of law that a person owning a contingent interest in real estate may alienate that contingent interest in his or her favor, but they cannot alienate a contingent interest in someone else. When Anna Schaefer gave her deed in 1935, she had a contingent interest in the portion of Henry Schloeffel and Nellie Carson in case either of them should die not leaving issue. Anna Schaefer therefore could deed her contingent interest in the portion of the other two. Nellie Carson likewise could deed her interest in the portion of the other two devisees. This proposition · is supported by the author of the subject of Deeds contained in **13 O. Jur., Section 104, page 919.** The author uses the following language:

"It is a well-established rule in Ohio that if a grantor having no title, a defective title, or an estate less than that which he assumes to grant, conveys with warranty or covenant of like import, and subsequently acquires the title or estate which he purports to convey, or perfects his title, such after acquired title or after-perfected title will inure to the benefit of the grantee by way of estoppel."

The author then discusses various other circumstances under which this doctrine is applied, and cites many cases in support of that proposition.

The author in the article discussing Deeds, in 16 American Jurisprudence, at Section 338, page 629, uses the following language:

"It is well established that a deed may have the effect passing to the grantee a title subsequently acquired by the grantor. In other words, a grantor who executes a deed before purporting to convey land to which he has no title or to which he has a defective title at the time of the conveyance will not be permitted, when he afterwards acquires a good title to the land, to claim in opposition to his deed from the grantee or from any person claiming title under him." * * *

The author then discusses at length circumstances under which the rule is applied, and we will not take the time to discuss the authorities quoted.

Counsel for the complainant has called our attention to a number of authorities, one of which is the case of **Jeffers v. Lampson,** reported in .**10 Oh St page 102.** This case supports the proposition set forth by the two authors hereinbefore quoted. That case holds that one having a contingent interest in land may deed away the contingency in his favor and he is precluded from setting up any claim to that property when the contingency is passed and after he has deeded away his contingent interest.

Without discussing the matter further it is the holding of this Court that by the will of Anna Maria Schloeffel each of the three surviving children took a fee simple estate in one-third of her property. This fee simple estate was subject to being divested upon the death, without issue, of any of the three devisees. Nellie Carson died with issue. That removed the possibility of the contingency arising by which her interest would be divested. Anna Schaefer died without issue, and therefore her interest passed one-half to Henry Schloeffel, and one-half to Nellie Carson.

The Court further finds that the deed dated in 1935, by which Anna Schaefer and Nellie Carson deeded their present interest, carried with it the contingent interests in their favor respectively. By the deed of 1935, and by virtue of the doctrine of after acquired interests as hereinbefore set forth, Henry Schloeffel acquired a fee simple estate in two-third's of the property. The one-third interest in the property which came direct to him from his mother is subject to being divested if he should die without issue. Upon the death of Henry, without issue, the property would go to the issue

of Nellie Carson, under the last paragraph of Item Five of the will of the testatrix.

Inasmuch as the plaintiff has asked for a Declaratory Judgment, we have found it necessary to construe the will of the decedent, and, inasmuch as we find that there is still some defect in the title of Henry Schloeffel we are unable to enter a Declaratory Judgment as prayed for.

The estate is closed and Henry Schloeffel became the owner as hereinbefore set forth. It has passed now to subsequent purchaser; the subsequent purchaser has agreed to sell it to another purchaser, and the controversy is one between individuals and not between an individual and an officer of this Court. The Court therefore has no jurisdiction to make any finding with reference to the contract.

The Court will therefore decline to enter a Declaratory Judgment as prayed for.