68

HARRAH, Extrx., Plaintiff-Appellee, v. MEIGS COUNTY MEMORIAL HOSPITAL OF POMERY, OHIO, Defendant-Appellant, CAMDEN-CLARK HOSPITAL OF PARKERSBURG, WEST VIRGINIA et, Defendant-Appellees.

Common Pleas Court, Meigs County.

No. 12020.

## OPINION

By BACON, J.

Appeal from the probate court awarding decedent's residuary estate to Camden-Clark Hospital, Parkersburg, West Virginia.

Testatrix, Susie Foster, died July 7, 1951, her last will and testament executed July 21, 1948, was admitted to probate October 15, 1951, and action commenced by Roma Harrah, Executrix of the estate of Susie Foster, deceased, as plaintiff May 21, 1952, that the probate court construe it. The Court below journalized its order August 29, 1953, deciding that the residuary bequest to the Meigs County Memorial Hospital of Pomeroy, Ohio, failed to vest and that it passed to and vested in said Camden-Clark Hospital.

In determining whether the probate court was correct in its construction it is recognized as a paramount rule that the intention of Testatrix, as gathered from the whole will, must control. Suffice to say, however, that the construction of the residuary clause is not aided by any other part. The first six clauses provided for the payment of debts, a monument, disposition of heirlooms, a trust for the care of Ridenour Cemetery, and the eighth clause named plaintiff as Executrix. The residuary clause, the seventh, is as follows:

"SEVENTH: The rest and residue of my property remaining after the above bequests and directions as above made have been cared for, I Give, Devise and Bequeath the same to The Meigs County Memorial Hospital of Pomeroy, Ohio, should the same be erected and maintained. But if there be no Meigs County Memorial Hospital erected or maintained it is my wish that said money remaining go The Camden-Clark Hospital of Parkersburg, W. Va."

The plaintiff-appellee in her petition for construction named among others as parties defendant, The Meigs County Memorial Hospital of Pomeroy, Ohio, and The Camden-Clark Hospital of Parkersburg, West Virginia. Defendant-appellant, the Board of Trustees of the Meigs County Veterans Memorial, claim as the beneficiary designated in the will as "The Meigs County Memorial Hospital of Pomeroy, Ohio."

Pertinent extrinsic facts are: (1) There was no Meigs County Memorial Hospital erected or maintained at the time Testatrix executed her will, and none erected or maintained nor under construction at the time of her death. (2) At the November Election in 1946 a maximum tax levy as authorized under §3059 GC, was passed by the electors of Meigs County, which has accumulated a fund in the Meigs County Treasury known as "The Memorial Fund." (3) In November, 1947, the county commissioners acting under §3061 GC, appointed a board of trustees, its powers defined by §3061-2 GC, to "provide for the establishment, arrangement, plans and design of the memorial." (4) This board, however, by decree of the common pleas court of Meigs County February 5, 1949, "does not have the powers, rights and duties given by law to trustees of a county hospital . . . and . . . has no right, power or authority to equip, maintain or operate a hospital . . ." (5) The Camden-Clark Memorial Hospital of Parkersburg, West Virginia, was in operation and functioning as a hospital at the time plaintiff's decedent made her will, also so functioning at the time of Testatrix' decease, and is now so functioning. (6) Although apparently denied by prior decree of this court of the right, power or authority to equip, maintain or operate a hospital, the defendant-appellant Board of Trustees of the Meigs County Veterans Memorial contemplate erection of a building suitable for use as a hospital, and at the time Testatrix made her will, as well as at the time of her decease and the present time, bear the nearest affinity to the designation in the will "The Meigs County Memorial Hospital of Pomeroy, Ohio."

General principles for construction of wills were early established in Ohio. Perhaps the case most cited is that of **Townsend's Executors v. Townsend, 25 Oh St 477**, pertinent syllabi being:

1. In the construction of a will, the sole purpose of the court should be to ascertain and carry out the intention of the testator.

2. Such intention must be ascertained from the words contained in the will.

3. * * *

4. All the parts of the will must be construed together, and effect, if possible, given to every word contained in it.

5. If a dispute arises as to the identity of any person or thing named in the will, extrinsic facts may be resorted to, insofar as they can be made ancillary to the right interpretation of the testator's words, but for no other purpose.

Although "The Meigs County Memorial Hospital" appears the first object of Testatrix' bounty, it is clear she was aware such hospital was not in existence. Its nonexistence prompted Testatrix to attach the condition "should the same be erected and maintained," and to provide for another beneficiary "if there be no Meigs County Memorial Hospital." This use of the word "if" falls within the principle as stated in American Jurisprudence, Vol. 57, Wills, Section 1333, p. 884, that the word "if" when used in a will is usually construed as importing a condition or contingency. Prima facie contingent, according to Corpus Juris Secundum, Vol. 96, Wills, Section 933, p. 395.

Defendant-appellant, Board of ·Trustees of the Meigs County Veterans Memorial, can succeed as residuary beneficiary only if the condition be deemed a condition subsequent, and further that the time for performance be some time after the death of the Testatrix. From Testatrix' language in her will and the rules of construction, as settled by Townsend's Executors v. Townsend, supra, and other authorities hereinafter cited, must be determined whether Camden-Clark Memorial Hospital stands as the substituted residuary legatee, or whether the erection and maintenance of a Meigs County Memorial Hospital at some uncertain time in the future will qualify defendant-appellant board of trustees as such residuary legatee.

Words & Phrases, Vol. 40, p. 529, states the principle of substitution about as well as it can be put, even though authority of a civil law jurisdiction is cited, where ordinarily substitution is prohibited. Common law states, including Ohio, allow substitution. From Words & Phrases:

"Substitution," with respect to wills, . . . is the putting of one person in the place of another so that he may, in default of ability in the former, or after him, have the benefit of the devise or legacy, particularly the act of testator in naming a second devisee or legatee who is to take the bequest on failure of the original devisee or legatee, or after him. In re Courtin, 81 So. 457, 144 La. 971.

To the same effect Words & Phrases in its supplement cites the case of In re Todd's Estate, Cal. App. , 99 F. 2d. 690, 691.

Testatrix was quite explicit in providing for substitution of one beneficiary for the other in her residuary clause, save that there is not therein stated, nor elsewhere in the will, any time for the operation of the contingency "But if there be no Meigs County Memorial Hospital." From the language Testatrix did use, construed in accordance with established legal principles, such time must be ascertained.

Ordinarily, a will speaks as of the death of the testator. And the law favors the vesting of estates at the earliest possible moment, in the absence of a clearly expressed intent to postpone the vesting to some future time. **Ohio National Bank, Trustee, v. Boone et al, 139 Oh St 361, 22 O. O. 414, 40 N. E. 2d 149; Spang v. Cleveland Trust Company, 73 Abs 164, 134 N. E. 2d 586.** See also the case of **In re Estate of Evans: Balduf, Executor, v. Evans, 165 Oh St 27, 59 O. O. 43, 133 N. E. 2d 128.** Wills should be so construed as to vest the interests therein conveyed at the earliest possible date. **Smith v. Rees, 52 Abs 417, 81 N. E. 2d 537; Bauman v. Bauman, 55 Abs 398, 41 O. O. 139, 88 N. E. 2d 196; Schlaeffel v. Kietzman, 56 Abs 51, 89 N. E. 2d 477.**

Authorities of sister states appear in accord with the above rules without exception. Confining our citations to two, both from Illinois, Havill v. Havill, 332 Ill. 11, 163 N. E. 428, a will speaks from the death of the testator. At the moment of his death the rights of his heirs and devisees to succeed to his estate are fixed and vested . . ." In Hoblit v. Howser, 338 Ill. 328, 170 N. E. 257, the rule is stated that the law favors vesting of estates and an estate will vest at the death of testator, unless a later time for vesting is clearly expressed by words of the will, or by necessary implication therefrom. The court propounded at length upon contingent remainders.

"A contingent remainder is one limited to take effect either to a dubious and uncertain person or upon a dubious and uncertain event. Smith v. Chester, 272 Ill, 428, 112 N. E. 325, Ann. Cas. 1917A, 925; 2 Blackstone, 168, 169. It is an estate which is not ready to come into possession at any moment when the present estate may end. If the time of enjoyment, merely, is postponed, and it appears to be the intention of the testator that his bounty shall immediately attach, the devise is vested, but, if the time be annexed to the substance of the gift as a condition precedent, it is contingent and not transmissible. The uncertainty which distinguishes a contingent from a vested remainder is not the uncertainty whether the remainderman will live to enjoy the estate, but whether he will ever have the right to such enjoyment. Carter v. Carter, supra; Harvard College v. Blach, 171 Ill. 275, 49 N. E. 543. Whether the condition is precedent or subsequent depends upon whether it is incorporated into the gift to or is descriptive of the remainderman or is added as a separate clause after words which have already given a vested interest. . . ."

In the instant case it will be noted that "The Meigs County Memorial Hospital" is not only dubious and uncertain but is not in existence at all. Testatrix attached the condition not to the Camden-Clark Hospital, but to the gift to the Meigs County Memorial Hospital. Unquestionably, the contingency here involved is a condition precedent. Testatrix in her own words intended Camden-Clark Hospital to be her residuary legatee "if there be no Meigs County Memorial Hospital erected or maintained." When? Testatrix could have fixed the time but she failed to do so. The law must do it for her. Since a will speaks at the death of the testator, the court below was correct and its judgment must be affirmed.

An entry may be prepared so providing.