**SPANG, Plaintiff, v. CLEVELAND TRUST COMPANY et, Defendants.**

Common Pleas Court, Cuyahoga County.

No. 679783.   Decided April 19, 1956.

Kuth & Meyers, Cleveland, for plaintiff.
Morley, Stickle, Keeley & Murphy, Jones, Day, Cockley & Reavis, Joseph M. Poe, Cleveland, for defendants.

## OPINION

By FULTON, J:

In this will contest case some of the defendants have moved for dismissal on the ground that this Court lacks jurisdiction. It is urged that jurisdiction is wanting for lack of necessary parties. The claimed necessary party is the Attorney General.

The claim for his need as a party is based on §109.25 R. C., which, inter alia, provides:

"The attorney general shall be a necessary party to and shall be served with process or with summons by registered mail in all proceedings, the object of which is:

"(1) To terminate a charitable trust or to distribute its assets to other than charitable donees, or

"(2) To depart from the objects or purposes of a charitable trust as the same are set forth in the instrument creating the trust, including any proceeding for the application of the doctrine of cy pres, or

"(3) To construe the provisions of an instrument with respect to a charitable trust.

"A judgment rendered in such proceedings without service of process upon the attorney general shall be void, unenforceable, and shall be set aside upon the attorney general's motion seeking such relief."

The placed emphasis was on (1) namely that the object of the will contest proceedings is to terminate a charitable trust and to distribute its assets to other than charitable donees.

It is doubtful whether it was the intention of the legislature to make this section of the statute applicable to will contest cases. However, the meaning of this section is not to be discerned from the believed intention of the legislature but from the intent revealed by its language.

Helpful to the ascertainment of the meaning of this section (§109.25 R. C.) will be a consideration of another section in the same chapter, namely, §109.23 R. C. The latter section defines charitable trusts to which §109.25 R. C., is applicable and describes those excluded from its application.

That section (§109.23 R. C.) inter alia, provides:

"There are excluded from this definition and from the operation of such sections, trusts until such time as the charitable, religious or educational purpose expressed in such trust becomes vested in use or enjoyment."

A hearing on this motion consisted of evidence, statements and arguments of counsel.

The will in evidence provided for the payment of debts. The residue was bequeathed and devised to the Pearl Street Savings & Trust Company, predecessor in name to the Cleveland Trust Company with which it merged. The bequest and devise was in trust for specific uses and purposes. These were to pay to each of two cousins, Belle Walker and Jessie Fleharty, $25.00 per month, or $50.00 monthly to the survivor of them. Jessie Fleharty predeceased the testatrix. It then provided that the trustee should maintain and support the father of the testatrix "during the term of his natural life and for his proper interrment." The father has passed away. Next this will provided that upon the contingency of the death of the father of the testatrix and "after making provision for the bequest hereinbefore to my said cousins" one fourth of the income should be paid to the Rainbow Hospital, another one fourth to the Eliza Jennings Home of Cleveland. The remaining half, the will provided, should be known as "the John F. Fleharty Fund" and "be used by my trustee as a revolving loan Fund for the education of young people."

The important phrases prescribed by §109.25 R. C. are "all proceedings," "object" and "charitable trusts."

The term "all proceedings" is indeed all embracive. It includes all proceedings known to our law. It includes to be sure, a will contest case. The purpose of such contest (§2741.04 R. C.) is to ascertain whether a given paper writing is the last will of a certain decedent. That statute provides that in a will contest action "an issue must be made up, either by pleadings or an order on the journal, whether or not the writing produced is the last will and or codicil of the testator, which issue shall be tried by a jury."

The petition herein, by its prayer, sought exactly that determination. It named all necessary parties unless the Attorney General becomes one of "the other interested persons" (§2741.02 R. C.) if the will in a contest case (proceeding) creates a charitable trust as defined in §109.23 R. C.

Is a defined charitable trust (§109.23 R. C.) created by the instant will? Vigorous arguments pro and con were made. If a charitable trust was created did that trust vest upon death of testatrix in use or enjoyment? Equally vigorous arguments pro and con were presented. What effect does vestment have? What kind of vestment is intended by §109.23 R. C.?

The trust created by the will appears—using everyday parlance—to be charitable in part. That appearance is reasonably clear as to the Rainbow Hospital and the Eliza Jennings home. It is doubtful as to the educational fund; and it is not charitable with respect to the cousins or the father.

As to the apparent charitable portions, does that definition of a charitable trust in §109.23 R. C. apply? Excluded from the operation of §109.25 R. C. (Attorney General necessary party section) are those for charitable, religious and educational purposes, unless and until the purposes of "such trust becomes vested in use or enjoyment."

The trust created by the paper writing here presented is charitable

within the definition of §109.23 R. C. if it has become vested not only in title but also only if their expressed purposes become vested "in use or enjoyment."

The law favors early vesting of estates. See **National Bank v. Boone, 139 Oh St 351.**

"Syl. 2. The law favors the vesting of estates at the earliest possible moment and a remainder after a life estate vests in the remainderman at the death of the testator, in the absence of a clearly expressed intention to postpone the vesting to some future time.

"* * *

"Syl. 4. Where a testator wills a part of his estate to another, directing that she shall receive therefrom a stipulated sum annually for and during her natural life and further provides that after her death the unconsumed portion shall be paid to "my heirs, share and share alike," the **remainder** in such portion of the estate as may be unconsumed by the life beneficiary vests at the **testator's death** in such person or persons as then answer the description of testator's heirs under the statute of descent and · distribution in force at such time, unless a contrary design on the part of the testator is plainly apparent."

Under the foregoing rule the survivorship of John F. Fleharty may not have postponed title vestment if the paper writing is the last will and testament (what about vestment "in use or enjoyment")? Moreover the law will not permit a trust to fail for want of trustee. **Francis v. Anthony, 46 Oh Ap 121; 40 O. Jur. 202, Section 58.** See also §2109.26 R. C., on the subject of Filling a Trustee Vacancy. As recently as March 7th, 1956, the Supreme Court of Ohio in the case of **In re: Evans, 165 Oh St 27,** restated the proposition that "a will ordinarily speaks as of the death of the testator."

It is therefore the Court's view that the trust, of whatever character or nature, was intended by the testatrix to vest upon her death, and pursuant to the principles of law the title to· the corpus of the trust may have vested in the trustee. Since the evidence reveals the trust consists of personalty only, to-wit, stocks and bonds in the amount of $89,000.00, it is doubtful whether this trust has vested in either use or enjoyment to the beneficiaries; and whether, therefore, the charitable trust falls within §109.23 R. C. in use to the trustee. During administration of an estate debts are paid before, but ordinarily distribution is not made until after, period within which a will contest may be commenced (§2113.21 R. C.). The effect of §2113.21 R. C. is to hold distribution in abeyance. **Adams v. Gurklies, 56 Abs 167.** Generally the administrating fiduciary awaits at least that period, or until he is ready to distribute or has distributed to other direct devisees and legatees, before he delivers the trust corpus to the trustee; and this is true if the same person or institution is both executor and trustee.

During will contest a fiduciary is not authorized to distribute assets (§2113.21 R. C.) so, whether or not title to a trust corpus vests in a trustee earlier, vestment of the trust "use" and "enjoyment" is postponed, it appears, during pendency of will contest. Will use or enjoyment ever vest unless and until final account is approved?

If one assumes (1) that this will creates a charitable trust and (2)

that this trust has vested not only as to title but also either "in use or enjoyment" (i. e., that these are charitable trusts within the definition of §109.23 R. C.) the present problem is not solved because the phrase "the object" needs attention.

The word "object" according to the Oxford Universal Dictionary is "the thing aimed at, purpose, end"; or according to Webster's Collegiate Dictionary "aim, motive" or as quoted from Webster in defendants' brief, "That on which the purposes are fixed, as the end of action, or effort; that which is sought for;" or, as applied to an individual in that uniqueness peculiar to the Honorable Learned Hand, it "is the concluding state of things that the actor seeks to bring about." *Douds v. International Longshoremen's*, 224 F (2d) 455 (1955).

It is worthy of note that Judge Hand, by reason of the facts before him in the particular case, was defining "object" in relation to the individual actor. This Attorney General section relates the word "object" not to a person or persons, but to "proceedings."

The prayer of the petition, as defined in Ballentine's Law Dictionary, is "that part of a pleading which designates or asks for relief sought." The purpose of the prayer in a will contest is defined in §2741.04 R. C. as above outlined. The prayer or the relief sought in this will contest case is whether the paper writing at issue is the last will and testament. That is the sole and only issue. Morever, if it be assumed that "prayer" and "object" are synonymous, is not the sole and only "object" of the will contest, the ascertainment whether the paper writing is the last will and testament.

A successful attack upon a purported last will and testament results in the non-existence of all contained in the so-called will. On the other hand a successful attack through a proceeding to terminate a testamentary trust will destroy that trust, but otherwise leave the will intact.

During the arguments one of counsel for plaintiff humorously stated that his client's object was to get the money. Such may be **her** object. Her object might even be to terminate the trust, but the object of the proceeding (not of the plaintiff) is to determine whether the paper writing is the last will and testament. The will contest proceeding is not to invalidate the will or to set the will aside. It is to determine what the paper writing is.

The illustration of "object" by Judge Hand follows:

"If I wish to enter my house, but can do so only by passing through my garden, my 'object' is to enter the house and it is not a subsidiary 'object' to pass through the garden. On the other hand however. if I find the garden gate locked, and I take out my key, the 'object' of my doing so is to open the gate, though it is still only a step toward entering the house."

Let us apply the illustration of Judge Hand keeping in mind that Judge Hand's definition of 'object' relates to person and not to proceeding:

"If I wish to enter my house but can do so only by passing through my garden, my 'object' is to enter the house, and it is not a subsidiary object to pass through the garden. (The proceeding by will contest herein has as its object the determination of whether the paper writing is or

is not a will, and it is not a subsidiary object of that proceeding to terminate the trust in the paper writing.)"

The second sentence in the illustration follows:

"On the other hand, however, if I find the garden gate locked and I take out my key, the 'object' of my doing so is to open the gate (the object of the will contest proceeding is to find out whether there was or is a will) though it is still only a step toward entering the house (Though the actor-plaintiff may look upon the proceeding as a step toward entering the area of the trust benefits.)"

The object of this will contest proceeding is to determine one simple issue: Whether the paper writing is the last will and testament of the testatrix. It it is found not to be, then it never was the last will and testament; and nothing was bequeathed or devised by it, and nothing was created by it. The object of the proceeding is not primarily, if at all, to terminate a charitable trust. The will contest proceeding may result in the **non existence** of a **purported** trust created by a paper writing, having no recognition in law as a conveyancing, assigning, transferring, bequeathing or devising instrument.

This is a question of first impression and should be passed upon by the reviewing courts.

The motion to dismiss is over-ruled. Exceptions to each and all moving defendants.