COMMONWEALTH of Kentucky ex rel. Jo M. FERGUSON, Attorney General, Appellant,

v.

Bunk GARDNER et al., Appellees.

Court of Appeals of Kentucky.

July 31, 1959.

Rehearing Denied Oct. 30, 1959.

Jo M. Ferguson, Atty. Gen., Robt. F. Matthews, Jr., Asst. Atty. Gen., for appellant.

Charles I. Dawson, Bullitt, Dawson & Tarrant, Louisville, L. M. Tipton Reed, Martin, Neely & Reed, Mayfield, Edwin F. Schaeffer, Jr., Louisville, David Reed, Paducah, for appellee Bunk Gardner, Sr.

M. C. Anderson, Wickliffe, Malcolm R. Boaz, Mayfield, S. Russell Smith, Louisville, Robbins & Cross, Mayfield, for other appellees.

SANDIDGE, Judge.

On June 12, 1958, two instruments were probated by the Graves County Court as the last will and testament of Ed Gardner, deceased. They purport to devise and bequeath the bulk of decedent's estate in trust to the Trust Department of The First National Bank of Mayfield, Ky., to provide for the distribution of the net income of that trust to another trust, the Annie Gardner Foundation, an unincorporated charitable

organization previously created and managed by three trustees, and to direct the ultimate distribution of such income by the latter trust for charitable purposes.

On March 24, 1959, appellee, Bunk Gardner, Sr., the only brother and sole heir-at-law of decedent, filed a statement of appeal in the Graves Circuit Court from the order of probate, and his appeal is now pending as a will contest case in that court.

On May 22, 1959, the Commonwealth of Kentucky, ex rel. Jo M. Ferguson, Attorney General, filed a motion to intervene as a party in the will contest, and tendered therewith an intervening petition and answer to the statement of appeal. On June 4, 1959, the motion to intervene was denied, the filing of the tendered pleadings was denied, and an order to that effect was entered. The Attorney General appeals from such order.

Perhaps it should be noted that this appeal in no way involves the validity or invalidity of the purported will of Ed Gardner, and nothing said herein should be construed as affecting the issues with respect thereto pending in the lower court. The sole question we now have for decision is whether the Attorney General is entitled to intervene in a will contest where a charitable trust is in any way involved.

The asserted right of the Attorney General to intervene in such proceeding is predicated on the ancient English doctrine that the King, as parens patriae, superintended the administration of charities and acted by the attorney general, who was his proper officer in that respect. The question presented is a new one in this jurisdiction. It is significant that no record has been produced of any attempt by an attorney general, during the entire 167 years of the Commonwealth, to intervene in the many contests about the validity and establishment of wills involving charities. In fact, the idea of intervention in the present instance was not original with the present Attorney General. He was invited, if not importuned, to attempt to intervene by counsel for the executor and trustee of the

purported will and the trustees of the Annie Gardner Foundation.

Section 91 of the Kentucky Constitution provides that the duties of the Attorney General shall be such as are prescribed by law. It is prescribed in KRS 15.020 that the Attorney General is the chief law officer of the Commonwealth and all its departments and subdivisions, is the legal adviser of all state officers, commissions and agencies, "and *shall* exercise all common law duties and authority pertaining to the office of the Attorney-General under the common law, except when modified by statutory enactment." We have no statutory enactment in this state with respect to his rights and duties concerning the administration of established charities and charitable trusts. By decisions of this court the Attorney General has power to supervise the administration of such established trusts, to prevent the mismanagement and waste of the trust fund, to remedy malfeasance by trustees, and to see that the purposes of the trusts are carried out. See, Attorney General v. Wallace's Devisees, 46 Ky. 611, 7 B.Mon. 611; Moore's Heirs v. Moore's Devisees, 34 Ky. 354, 4 Dana 354; Curling's Adm'rs v. Curling's Heirs, 38 Ky. 38, 8 Dana 38; Chambers v. Baptist Educational Society, 40 Ky. 215, 1 B.Mon. 215. But, the only authority in this state for the Attorney General participating in a will contest involving a public charity must be gleaned from the phrase in KRS 15.020 that he "*shall* exercise all common law duties and authority pertaining to the office of the Attorney-General under the common law, * * *." It is settled that this has reference to his duties under the common law as it existed in England prior to 1607. Section 233, Kentucky Constitution; Lathrop v. Commercial Bank of Scioto, 38 Ky. 114, 8 Dana 114; Ray v. Sweeney, 77 Ky. 1, 14 Bush 1; Aetna Ins. Co. v. Commonwealth, 106 Ky. 864, 51 S.W. 624, 45 L.R.A. 355; Commonwealth v. Donoghue, 250 Ky. 343, 63 S.W.2d 3, 89 A.L.R. 819. In the Aetna Insurance Co. case this court said:

"To declare that the common law and statutes enacted prior to that time should be in force was equivalent to declaring that no rule of the common law not then recognized and in force in England should be recognized and enforced here. James I. ascended the throne of England in 1603 (March 24th), and the fourth year of his reign commenced March 24, 1607; and when it is sought to enforce in this state any rule of English common law, as such, independently of its soundness in principle, *it ought to appear that it was established and recognized as the law of England prior to the latter date."* [106 Ky. 864, 51 S.W. 628.]

The Attorney General has failed to satisfy the latter requirement in the case at bar. The contention that the Attorney General should be permitted to intervene and participate as a party in the present type of will contest does not appeal to this court as being independently sound in principle. The object of the contest is to determine one issue, i. e., whether the papers probated are the last will and testament of Ed Gardner. If not, nothing was thereby devised, bequeathed, or created to go to charity, and there will be no administration to be supervised. Spang v. Cleveland Trust Co., Ohio Com.Pl., 134 N.E.2d 586. In addition, the imposition on the Attorney General of the duty of defending all will contests arising in Kentucky that in any way involve charities or a charitable trust would unduly augment the many duties with which he is now burdened, to say nothing of the additional cost and expense thereof to the Commonwealth. The truth of this is recognized by the Attorney General through the insistence in his brief that he is under no duty to defend such contests, but has or should have the right and election to defend only such of them as he may see fit. The latter suggestion is, of course, foreign to fundamental principles of our Government.

Furthermore, it is inconceivable that the Legislature by enacting KRS 15.020 intended to impose upon the Attorney General the duty of defending will contests involving charities. He is the chief law officer of the Commonwealth, and his primary obligation is to protect the interest of the sovereign state, its departments, and subdivisions, including that of aiding in the collection of all tax revenue to which the state is entitled. If the present will is declared valid, bequests thereunder for the ultimate benefit of charity will be nontaxable, and the state will be deprived of a substantial amount in inheritance tax revenue and in future taxes. Certainly, it was not the intention of the Legislature to place the Attorney General in the inconsistent position of being under the duty of seeking to establish the validity of a will when the state will benefit by its invalidity.

■ There being no statutory enactment or decision of this court authorizing the Attorney General to intervene in will contests in which a charitable trust may be involved, and the Attorney General having failed to show that there was any established and recognized law of England to that effect prior to 1607, his motion to intervene was properly overruled.

This conclusion makes is unnecessary to rule upon the other points and questions discussed in the briefs. We have carefully considered them, but do not find the arguments of the Attorney General or of counsel for the various trustees to be persuasive. It is likewise unnecessary to rule upon the various motions to strike briefs, etc., made in connection with this appeal.

The order appealed from is affirmed.

EBLEN, Judge.

I concur in the result. In my opinion whether the Attorney General may intervene in such a case rests in the sound discretion of the trial court and depends upon a determination of whether such intervention is necessary in order to adequately

safeguard the interest of the cestuis of the potential charitable trust. In this case the trial court found that such intervention was not required, and there is nothing to show that finding is an abuse of discretion.