Robert MATTHEWS, etc., Petitioner,

v.

J. Miles POUND, Judge, etc., Respondent.

Court of Appeals of Kentucky.

May 17, 1966.

Robert Matthews, pro se.

J. Miles Pound, pro se.

MONTGOMERY, Judge.

Robert Matthews, the Attorney General of the Commonwealth of Kentucky, petitioner, filed this action against J. Miles Pound, Judge of the Jefferson Circuit Court, Criminal Branch, respondent. The petitioner asks that the respondent be directed to make available to the petitioner the "Items" or copies thereof referred to in the report of the April 1966 Grand Jury of Jefferson County for use by petitioner in his official capacity. The matter has been submitted on the pleadings and exhibits. The respondent says that the petitioner was denied the "Items" be-

cause the grand jury foreman had asked the respondent not to release or make public the "Items" in order that the persons referred to therein would not be "seriously jeopardized" by inmates of the penal institutions or by those previously paroled from the penal institutions.

The grand jury report indicates that certain parole board members may be chargeable with activities constituting violations of the laws of the Commonwealth. In the report are nine "Items" which have been impounded by the respondent. It is claimed that without the "Items" the report is incomplete and cannot be understood or properly evaluated by the petitioner, the Governor, or interested Commonwealth's attorneys in other judicial districts, all of whom may be required to take official action within their respective areas of responsibility if the charges in the report are of any substance, and that without access to or knowledge of the "Items" none of such officials can determine effectively if further action on his part is required.

No indictments were made on the charges. A reading of the report reveals that no recommendation is made to the succeeding grand jury to make further investigation.

On May 2, 1966, petitioner was requested by the Governor of Kentucky, acting pursuant to KRS 15.200, to participate and intervene in the matters relating to the grand jury report on the parole board in the Jefferson Circuit Court, any other courts of the state, and before any duly constituted grand juries in this state. In the request reference was made to the authority of the Governor to remove members of the parole board for cause under KRS 439.320. The Commonwealth's attorneys of two other judicial districts, pursuant to KRS 15.190, have requested petitioner's assistance in regard to such matters concerning the parole board as may have arisen in their respective districts. Petitioner's motion for use of the "Items" denied by respondent was made

pursuant to the request of the Governor and the two Commonwealth's attorneys, as well as in his official capacity as Attorney General.

Petitioner contends that the "Items" referred to in the report are a part of the report incorporated by reference; that as such they have passed from the custody of the grand jury under RCr 5.24; that he is an "Attorney for the Commonwealth" within the purview of RCr 5.24(2) and RCr 1.06(b), both in his capacity as chief law officer of the Commonwealth and in connection with rendering assistance to two other Commonwealth's attorneys; and that the respondent is acting beyond his jurisdiction and in excess of his authority.

■ A grand jury is an inquisitorial and accusing body. 38 C.J.S. Grand Juries § 1, page 980. It originated with the Assise of Clarendon issued in 1166. Jenks, A Short History of English Law, page 40. It is the duty of the grand jury "to inquire into every offense for which any person has been held to answer and for which an indictment or information has not been filed, or other offenses which come to their attention or of which any of them has knowledge." RCr 5.02. To this end the grand jury may summon witnesses and compel them to testify under oath. RCr 5.04 and 5.12. It is the duty of "[t]he attorney for the Commonwealth, or his assistant" to assist the grand jurors in the performance of their duties by examining witnesses and giving legal advice and, when requested, by drafting indictments. RCr 5.14. Thus, it is seen that the duties of the grand jurors and the prosecuting attorney are closely related to the end that the proper presentation of criminal charges shall be made.

■ It is further the duty of the grand jury to report its action on such cases as have been submitted to it and the duty of the court and Commonwealth's attorney to see that this is done. Rion

v. Commonwealth, 62 Ky. (1 Duvall) 235. Normally, this report includes the indictments found, the statutory reports required, and any recommendations concerning matters requiring the attention of a future grand jury. The work of the grand jury as a body is concluded by its report and subsequent discharge. Cf. Marcum v. Bradley, Ky., 385 S.W.2d 165. It is, therefore, incumbent on the court and the Commonwealth's attorney to see that the report is complete since that particular grand jury, once it has been discharged, cannot be called back to correct the report or to take further action.

▆▆▆ When the April 1966 Grand Jury of Jefferson County produced its report in court, the court, upon learning that certain portions denominated as "Items" therein had not been included, should have refused to accept the report. The jury should have been directed to return to its room and to include the "Items" in full in the report or to omit any reference thereto. There is no authority cited and none found which permits two grand jury reports, one of which is secret, however meritorious the purpose of the grand jurors may have been. The reason for the request for secrecy does not justify suppressing any portion of the matters the grand jury sees fit to report to the court.

▆▆▆ The fault involved in an incomplete report is obvious. If the "Items" indicate the necessity for further investigation leading to possible criminal prosecutions, then they should have been included with the recommendation of the grand jury as an aid to the prosecuting authorities. If the "Items" have no meritorious basis for future investigations or prosecutions, they have no place in the grand jury report. In the absence of the "Items" from the report, it is vague; it may be misleading and subject to misconstruction; and it cannot be properly understood and evaluated as to future official action that may be required. Again referring to the serious duties and responsibilities of such an inquisitorial and accusing body, it has been held that in the absence of statute a grand jury has no right to file a report reflecting on the character of conduct of public officers or citizens unless it is followed by an indictment. Coons v. State, 191 Ind. 580, 134 N.E. 194, 20 A. L.R. 900; Bennett v. Kalamazoo Circuit Judge, 183 Mich. 200, 150 N.W. 141, Ann. Cas.1916E, 223. When the report does not amount to an indictment or presentment, it has been held that such report is not privileged and may be the basis for a libel action. Poston v. Washington, A. & Mt. V. R. Co., 36 App.D.C. 359, 32 L.R.A., N.S., 785. Thus, it is in the interest of the grand jurors to see that all matter which is believed to be a proper basis for future investigation and prosecution should be included in the report. Accusations with substance lacking are baseless.

▆▆▆ Accordingly, it is concluded that the "Items" referred to in the April 1966 Grand Jury Report of Jefferson County are incorporated therein by reference as a part of the report and that the respondent had no right to impound such "Items." It should be noted that an original ground for the action taken was sought to be based on the secrecy required by the grand jury. RCr 5.24 is no longer relied on in the response and is not considered as pertinent.

The right of the petitioner to have access to the "Items" has been further questioned on the apparent theory that he as the Attorney General has no right to such access.

▆▆▆ The Attorney General has such duties as may be described by statute. Kentucky Constitution, Section 91. Additionally, he has certain common law duties and responsibilities. Johnson v. Commonwealth, 291 Ky. 829, 165 S.W.2d 820; Commonwealth ex rel. Ferguson v. Gardner, Ky., 327 S.W.2d 947, 74 A.L.R.2d 1059. By statute it is prescribed that he is the chief law officer of the Commonwealth. KRS 15.020.

The duties of the Attorney General have been enlarged by KRS 15.190, 15.200, and

15.210. So far as is pertinent, KRS 15.200 provides:

"Whenever requested in writing by the Governor, or by any of the courts or grand juries of the Commonwealth, or upon receiving a communication from a sheriff, mayor, or majority of a city legislative body stating that his participation in a given case is desirable to effect the administration of justice and the proper enforcement of the laws of the Commonwealth, he may intervene, participate in, or direct any investigation or criminal action, or portions thereof, within the confines of the Commonwealth of Kentucky necessary to enforce the laws of the Commonwealth."

The Governor has requested such participation in this matter.

KRS 15.190 provides in part that a Commonwealth's attorney may request the Attorney General's assistance "in the conduct of any criminal investigation or proceeding." Separate requests for assistance from the Commonwealth's attorneys of the twelfth and forty-eighth judicial districts have been received by the Attorney General.

█ Pursuant to KRS 15.190 and 15.200 and the requests made thereunder, it became the duty of the Attorney General to take the appropriate action therein contemplated. RCr 5.14 describes the duties of the prosecuting attorney in relation to the grand jury. It refers to "the attorney for the Commonwealth." This term is specifically defined as including "the Attorney General * * * exercising functions assigned to them by law, and an authorized assistant of any of them." RCr 1.06(b). Thus, it is clear that the Attorney General is included within the purview of RCr 5.14.

█ It, therefore, is concluded that the petitioner, in view of the requests made pursuant to statute, as the chief law officer of the Commonwealth, charged with the responsibility of law enforcement, was en-

titled, for use in his official capacity, to have access to the entire April 1966 Grand Jury Report of Jefferson County, including the "Items" impounded which were a part of the report incorporated by reference; that the request of the grand jury for impoundment was nothing more than a recommendation which should be disregarded and treated as surplusage; and that the respondent had no right to impound or withhold such "Items" or omitted portions of the report from the petitioner.

The order granting such relief has been entered.