COMMONWEALTH of Kentucky ex rel. J. E. LUCKETT, Commissioner of Revenue, Appellant,

v.

W. J. HELM, etc., et al., Appellees.

Court of Appeals of Kentucky.

Feb. 26, 1971.

William S. Riley, Asst. Atty. Gen., Dept. of Revenue, Cyril E. Shadowen, Dept. of Revenue, Frankfort, for appellant.

No appearance for appellees.

CULLEN, Commissioner.

On June 6, 1968, the county board of supervisors of McCracken County adopted a resolution and order purporting to annul all increases of assessments of farm property made by the county tax commissioner (now property valuation administrator) for 1968. This had the effect of reducing the assessments on the properties of 1,200 persons who had not appealed to the board, as well as on the properties of 662 persons who had appealed.

On June 7, 1968, the Commonwealth on relation of the Commissioner of Revenue brought suit against the members of the board of supervisors and against the county tax commissioner and county clerk seeking injunctive relief in relation to the above-mentioned resolution and order. A restraining order was sought, and was granted by the circuit judge on the day this action was brought. However, a few hours later on the same day the judge, on his own motion, dissolved the restraining order and entered judgment dismissing the action. The Commonwealth has appealed from that judgment.

The Commonwealth's brief recites that following the entry of the judgment complained of, the Department of Revenue took a statutory appeal from the action of the board of supervisors, to the Kentucky Board of Tax Appeals, which resulted in an order being entered by the latter board on June 28, 1968, setting aside the resolution and order of the board of supervisors. The brief further recites that the board of supervisors appealed to the McCracken Circuit Court from the order of the Board of Tax Appeals and that at the time the brief was filed, on January 23, 1969, that appeal was still pending in the circuit court.

The Commonwealth concedes, in effect, that the instant appeal is moot, by reason of the fact that subsequent to the entry of the judgment appealed from the statutory procedures for review of actions of a county board of supervisors were followed,

and by reason of lapse of time, but the Commonwealth asks this court to "certify the law." The questions on which it seeks a certification are (1) whether the circuit court had jurisdiction to restrain the board of supervisors; (2) whether the circuit court erred in dissolving the restraining order on its own motion and without notice; and (3) whether the circuit court erred in dismissing the complaint on its own motion and without notice.

The rule is that this court will not entertain a moot case except where there is presented a question of substantial public interest. Commonwealth by Breckinridge v. Woods, Ky., 342 S.W.2d 534; Mason v. Commonwealth, Ky., 283 S.W.2d 845. Patently there is no substantial public interest involved in the second and third questions above stated, and no showing has been made of probability of recurrence of circumstances raising the first question such as to make it one of substantial public interest.

The appeal is dismissed.

All concur.