Ed W. HANCOCK, Attorney General of the Commonwealth of Kentucky, Appellant,

v.

Edwin A. SCHROERING, Commonwealth's Attorney 30th Judicial District, Appellee.

Court of Appeals of Kentucky.

April 28, 1972.

Rehearing Denied June 23, 1972.

Ed W. Hancock, Atty. Gen., Laura L. Murrell, Asst. Atty. Gen., Frankfort, for appellant.

Edwin A. Schroering, Jr., Commonwealths Atty., Louisville, for appellee.

REED, Judge.

This appeal by the Attorney General is from a declaratory judgment which confined the Attorney General's right to direct the investigation and possible prosecution of alleged criminal activities in Louisville, Jefferson County, Kentucky, to joint action with the local Commonwealth's attorney rather than exclusive action by the Attorney General.

The grand jury is convened monthly in Jefferson County. The February 1971 grand jury requested in writing that the then Attorney General, John B. Breckinridge, "intervene in and direct the investigation and any criminal action necessary to enforce the laws of the Commonwealth in relation to alleged gambling and prostitution and related matters within the jurisdiction of this grand jury." The office of the Attorney General, in compliance with the request, directed the investigation of this grand jury from February 23, 1971, the date of the written request, until the body's existence expired by operation of law on the last day of the calendar month. The final report of this grand jury stated that the limitation of time involved was the sole reason for termination of its investigation and the submission of its report. The report recommended and requested that investigation into violations of the laws on gambling, prostitution and related offenses be considered by the March 1971 grand jury and subsequent grand juries and that the Attorney General be asked to carry on the investigation relative to those matters which had been commenced but were not yet completed. The report also requested that the prosecution of certain indictments returned by the grand jury and which involved alleged violation of gambling laws be prosecuted exclusively by the Attorney General.

The March 1971 grand jury was convened and was attended by Honorable Edwin A. Schroering, Commonwealth's attorney for Jefferson County. This body invited Attorney General Breckinridge to participate in the investigation of vice, gambling and prostitution in Louisville and Jefferson County but only on a cooperative basis with the local Commonwealth's attorney. The Attorney General refused this request on the ground that his office should have exclusive responsibility for the investigation and possible subsequent prosecutions. Immediately thereafter the Board of Aldermen of the City of Louisville, the Mayor of Louisville, the County Judge of Jefferson County and the Sheriff of Jefferson County all addressed written requests to the Attorney General in which they sought his intervention and exclusive direction of the investigation and prosecution of alleged violations of laws related to vice, gambling and prostitution in Louisville and in Jefferson County. Commonwealth's attorney Schroering insisted that his office could not be entirely displaced in the circumstances and that the Attorney General did not have the legal right to

completely exclude the local prosecutor in this instance.

The Attorney General thereupon instituted a declaratory-judgment action against the Commonwealth's attorney. Several grand juries were convened and discharged monthly while this action was pending. Finally, in July 1971, the trial judge rendered an opinion and judgment, the net effect of which was to declare that the Attorney General must act in conjunction with and not to the exclusion of the Commonwealth's attorney in the instance presented. Attorney General Breckinridge prosecuted an appeal from this decision. While the appeal was pending, Honorable Ed W. Hancock succeeded Honorable John B. Breckinridge as Attorney General. Upon motion of Attorney General Hancock, he has been substituted as appellant for his predecessor in office.

The controversy focuses on what is the proper construction of KRS 15.200, 15.210 and 15.220.

KRS 15.200 provides:

"(1) Whenever requested in writing by the governor, or by any of the courts or grand juries of the commonwealth, or upon receiving a communication from a sheriff, mayor, or majority of a city legislative body stating that his participation in a given case is desirable to effect the administration of justice and the proper enforcement of the laws of the commonwealth, the attorney general may intervene, participate in, or direct any investigation or criminal action, or portions thereof, within the commonwealth of Kentucky necessary to enforce the laws of the commonwealth.

(2) He may subpoena witnesses, secure testimony under oath for use in civil or criminal trials, investigations or hearings affecting the commonwealth, its departments or political subdivisions."

KRS 15.210 states:

"Whenever the attorney general shall undertake any of the actions prescribed herein, he shall be authorized to exercise all powers and perform all duties in respect to such criminal actions or proceedings which the prosecuting attorney would otherwise perform or exercise, including, but not limited to the authority to sign, file and present any and all complaints, affidavits, information, presentments, accusations, indictments, subpoenas, and processes of any kind, and to appear before all magistrates, grand juries, courts or tribunals."

KRS 15.220 provides:

"Except as provided in KRS 15.190 to 15.230, the powers and duties conferred upon or required of the attorney general by KRS 15.190 to 15.230 shall not be construed to deprive prosecuting attorneys of any of their authority in respect to criminal prosecutions, or relieve them from any of their duties to enforce the criminal laws of the commonwealth."

Although the Attorney General on this appeal states that the first issue for decision is whether the requests to intervene in the case by the Board of Aldermen, Mayor, County Judge and Sheriff were sufficiently definite to meet the "given case" requirement of KRS 15.200, we sustain some difficulty with that analysis when the judgment entered in the trial court is considered. The trial judge rendered a written opinion which was incorporated into the final judgment by reference. In the written opinion, the trial court appeared to reject the contention of the Attorney General that the words "in a given case" used in KRS 15.200 had a broader meaning than a single criminal action as was contended by the Commonwealth's attorney in his brief in the trial court; nevertheless, in the final judgment itself, the trial court ascribed the meaning of the words "in a given case" to be equivalent to "in any given situation." This latter construction is, if anything, broader than the construction contended for by the Attorney General. Thus it appears that the real bone of contention is whether the Attorney General has the right to exclude the local Common-

wealth's attorney from participation in the investigation and any possible resultant prosecutions.

■ The Commonwealth's attorney argues that this appeal presents a moot issue. It is apparent, however, from the recited facts and the practicalities of the litigation that it would be probably impossible to settle the issue presented in the setting of a "live controversy." The grand jury changes monthly. The problem is recurrent. The issue involves the public interest. The potential danger of res judicata, at least in the trial court of the particular district, is a circumstance to be considered. The construction of statutes and constitutional considerations are presented. These recited elements impel us to the conclusion that a declaration on the merits should be made. See 5 Am.Jur.2d, Appeal and Error, Sec. 768, McCanless v. Klein, 182 Tenn. 631, 188 S.W.2d 745, Commonwealth v. Helm, Ky., 464 S.W.2d 260 (1971).

The Attorney General is a constitutional officer whose office is created by Section 91 of the Kentucky Constitution. The office has a long history in the common law. In Matthews v. Pound, Ky., 403 S.W.2d 7, there is an interesting discussion concerning the office of Attorney General. Therein it is pointed out that the office possesses common law duties and responsibilities and that the duties of this office have been enlarged by KRS 15.200 and 15.-210. The office of Commonwealth's attorney is also created by the Kentucky Constitution with the proviso that it may be abolished by the legislature. The office of Commonwealth's attorney does not possess the historical common law background that inheres in the office of Attorney General. By legislative delegation, the Commonwealth's attorney is charged with the responsibility of prosecuting all violations of the criminal and penal laws of the Commonwealth. KRS 69.010. Under the Rules of Criminal Procedure, it is his responsibility to attend his local grand jury. RCr 5.14.

KRS 15.200 empowers the Attorney General to decide whether to intervene, *participate in, or direct* any investigation or criminal action or portions thereof, provided he is requested in writing to do so by the Governor or by any of the courts or grand juries of the Commonwealth, or upon receiving a communication from a sheriff, mayor or majority of a city legislative body stating that his participation *in a given case* is desirable to effect the administration of justice and the proper enforcement of the laws of the Commonwealth. The sources of authority relied upon by the Attorney General in this case are the communications from the Sheriff, the Mayor, and the city legislative body requesting his intervention to direct the investigation of gambling and prostitution which were the subjects of investigation by the February 1971 grand jury.

■ We agree with what we understand the ruling of the trial judge was so far as the requirement of "a given case" is concerned. We think this statutory phrase was used in its popular sense. The word "case" is defined in Webster's New Collegiate Dictionary as "set of circumstances or conditions" or "a situation requiring investigation or action by the police or other agency," or "the object of investigation or consideration." Black's Law Dictionary, Fourth Edition, at page 271, states that in ordinary usage the word case means "event," "happening," "situation," "circumstances."

■ The communications received from the local officials identified the given situation to be gambling and prostitution in Louisville and Jefferson County that were the subjects of the investigation and report of the February 1971 grand jury. The phrase "in a given case" is doubtless meant as a term of limitation in KRS 15.200. In this instance, however, the identification of the given situation was sufficiently restricted to identify only a given area. Thus, the authority of the Attorney General to direct investigation and prosecution was circum-

scribed as the statute contemplated where the authority to intervene rested upon communication from local officials specified in the statute rather than by a written directive from the Governor or by courts or grand juries of the Commonwealth.

■ Apparently, the legislative intent as expressed in KRS 15.200 is to let the executive and not the Attorney General determine when the Attorney General may decide whether to intervene, participate in, or exclusively direct the investigation and prosecution of criminal activities. See Application of Cranford Material Corporation, 174 Misc. 154, 20 N.Y.S.2d 865 (1940).

■ The word "direct" as used in KRS 15.200 from its plain meaning would connote that the Attorney General would have the power to make all decisions as to the conduct of an investigation exclusive of any other state officer. KRS 15.220 provides that except as provided in KRS 15.-190 to 15.230 the powers and duties conferred upon or required of the Attorney General under those sections shall not be construed to deprive prosecuting attorneys of any of their authority in respect to criminal prosecutions or relieve them of any of their duties to enforce the criminal laws of the Commonwealth. This would appear to further clarify the legislative meaning that in those limited matters encompassed by KRS 15.200 whether the Attorney General acts exclusively or in conjunction with the Commonwealth's attorney depends upon the decision of the Attorney General under his power of direction when he is properly authorized to enter an investigation or prosecution. This construction is further strengthened by the provisions of KRS 15.210 which vests in the Attorney General the right to exercise all powers and perform all duties in respect to those investigations and prosecutions in which he is properly invited and then decides to intervene which the local prosecuting attorney would otherwise perform or exercise.

"In many instances, by constitutional or statutory provision, the authority of the Attorney General and that of the prosecuting attorney in a criminal case are concurrent. Where this is so, their actions should be coordinated, but in the event of a conflict between them, the Attorney General, being the superior officer, has control." 7 Am.Jur.2d, Attorney General, Sec. 24, p. 29. See also State ex rel. Jackson v. Coffey, 18 Wis.2d 529, 118 N.W.2d 939 (1963).

■ We, therefore, conclude that in the instance presented the Attorney General had the right to intervene under the provisions of KRS 15.200 and thereafter had the right to exclusively control the investigation and any resultant prosecutions in the limited area defined.

In no way does our decision shear the Commonwealth's attorney of his statutory authority. The legislature has provided a check to prevent the Attorney General from usurping and pre-empting the office of Commonwealth's attorney of all its power and substituting the office of Attorney General as the perpetual prosecuting officer of a county. The executive or the judiciary only may initiate authority in the Attorney General to intervene in and direct investigation and prosecution of criminal actions or in a given, limited situation specified local officials may likewise initiate the Attorney General's authority in such regard. Only in those given instances may the Attorney General then determine first whether or not to intervene at all, and if he does so, whether to act in conjunction with the local prosecutor or to act exclusively. We think such a system is consistent with the constitutional history of the respective offices concerned and is surely within the constitutional power of the legislature to provide.

The judgment is, therefore, reversed to the extent indicated herein with direction that a new judgment declaring and defining the rights of the parties be entered consistent with this opinion.

All concur, except NEIKIRK, J., who dissents.

NEIKIRK, Judge (dissenting).

I respectfully dissent from the majority opinion.

KRS 15.190 provides:

"County and Commonwealth attorneys may request in writing the assistance of the attorney general in the conduct of any criminal investigation or proceeding. The attorney general may take such action as he deems appropriate and practicable under the circumstances in the rendering of such assistance."

KRS 15.200 provides:

"(1) Whenever requested in writing by the Governor, or by any of the courts or grand juries of the Commonwealth, or upon receiving a communication from a sheriff, mayor, or majority of a city legislative body stating that his participation in a given case is desirable to effect the administration of justice and the proper enforcement of the laws of the Commonwealth, the Attorney General may intervene, participate in, or direct any investigation or criminal action, or portions thereof, within the Commonwealth of Kentucky necessary to enforce the laws of the Commonwealth.

"(2) He may subpoena witnesses, secure testimony under oath for use in civil or criminal trials, investigations or hearings affecting the Commonwealth, its departments or political subdivisions."

The County and Commonwealth attorneys of Jefferson County did not request the assistance of the office of the Attorney General in a "criminal investigation or proceeding" pursuant to KRS 15.190. Had these officers requested the Attorney General to investigate gambling and prostitution in Jefferson County, then, and only then, could the Attorney General render such assistance.

To say that the Legislature in using the words "in a given case" in KRS 15.200 intended to embrace a general investigation and participation by the Attorney General in a given "situation" results in such a liberal construction as to do violence to the ordinary and legislative use of such words. To me, the phrase "in a given case" means what it says. I cannot agree that this phrase would authorize the Attorney General to conduct a general grand jury investigation in activities relating to gambling and prostitution in Jefferson County without regard to the restrictions of the phrase "in a given case." To me, the phrase "in a given case" means one case and not a general situation, and I am of the humble opinion that the Legislature did not intend otherwise.

I would affirm the judgment of the Jefferson Circuit Court.