**David ASHLEY, Appellant,**

v.

**UNIVERSITY OF LOUISVILLE and University of Louisville Board of Trustees, Appellees.**

Court of Appeals of Kentucky.

Oct. 3, 1986.

Rehearing Denied Dec. 12, 1987.

Discretionary Reveiw Denied by Supreme Court March 3, 1987.

Herbert L. Segal, Dennis Franklin Janes, Jonathan C. Hardy, Segal, Isenberg, Sales, Stewart & Cutler, Louisville, for appellant.

Robert F. Matthews, Richard J. Emmett, Greenebaum, Doll & McDonald, David L. Baker, University Counsel, Louisville, for appellees.

Before CLAYTON, LESTER and MILLER, JJ.

LESTER, Judge.

This is an appeal from a judgment denying injunctive relief and dismissing appellant's cause of action due to lack of jurisdiction.

In April, 1979, David Ashley was employed as a non-tenured assistant professor of Sociology at the University of Louisville for an initial term of two years. Contained in the school's letter of notification to Ashley was the following:

> Your placement on step al, second year, will make you eligible to be considered for a normal merit action during 1979–80, the results of which would be effective 1 July 1980. You will be subject to a pretenure appraisal during the academic year 1981–82. Your review for tenure will fall no later than the academic year 1983–84, with tenure to be effective 1 July 1985. In the event of a decision not to grant tenure, your contract for 1984–85 would be terminal.

Ashley was so engaged through May, 1985, but in the same month of the preceding year, he was informed by the president of the university that the Board of Trustees had concluded not to grant tenure which had the effect of terminating his position a year from that time. Since Ashley had received satisfactory job performance evaluations during his employment he filed a grievance with the College of Arts and Sciences Grievance Committee alleging that appellees had failed to properly apply the personnel policies and procedures in evaluating his eligibility for tenure. Following a hearing in December, 1984, the Committee agreed with appellant and sustained his grievance on March 13, 1985. The following month, the University Provost accepted the findings and directed the Dean of the College to reconsider Ashley's eligibility for tenure no later than May 1, 1985. The Dean concluded that the assistant professor should not be granted tenure, and by letter dated May 19, 1985, so recommended to the University Grievance Committee for further action. Prior to any final administrative action, Ashley learned that his position was being offered to one John Lammers who accepted the position on May 16, 1985. This caused appellant to seek relief by way of an action filed in the Franklin Circuit Court on June 17, 1985. The suit was instituted prior to any final action of the University Grievance Committee.

The original complaint does not contain any allegation of jurisdiction nor does it refer to a lack of "due process." The relief sought is a restraining order and temporary injunction prohibiting the University from employing Lammers and removing Ashley from his position "until such time as the grievance procedure set forth in the plaintiff's contract is exhausted"; specific enforcement of the employment contract; recovery of costs, and all other proper relief. In an amended complaint, appellant makes an allegation of denial of "due process" and in addition to what he requested in the original complaint, he also sought compensatory damages.

On June 20, 1985, counsel appeared in the Franklin Circuit Court for a hearing on the temporary injunction. At that time, appellees served a motion to dismiss since the administrative procedures had not been exhausted. We do not have the benefit of a transcript of the arguments on either the injunction or the motion to dismiss, but on the following day, the court entered its order denying the injunction and dismissing the action because it was brought pursuant to the Contract Claims Act. In addition, the court concluded that since the complaint was based upon lack of due process rather than breach of contractual obligations, then the action would not lie in the Franklin Circuit Court.

The first contention of significance is that this action was properly brought in the Franklin Circuit Court by virtue of a provision of the Model Procurement Code, more specifically, KRS 45A.245(1). The cited section requires that any person seeking to enforce a written contract or sue for breach of a written contract with the Commonwealth must so litigate in the Franklin Circuit Court. Even though we consider the language of KRS 45A.010 to limit the chapter's application to the procurement of items of hardware and services subject to bidding procedures, we, nevertheless, must agree with the court below on other grounds.

■ In spite of Ashley's contention that he had a written contract with an agency of the Commonwealth, examination of that document reveals that it was for an initial period of two years—the 1979—1980 and 1980—1981 academic years. The appellant submits no other exhibit for subsequent years, so it logically follows that for 1981—1982 and thereafter appellant was employed on a year to year basis upon an unwritten agreement. In addition, the very language of the exhibit provides:

In the event of a decision not to grant tenure, your contract for 1984—85 would be terminal.

Therefore, what appellant actually sought was not an extension of a written contract but the status of being tenured which, if

attained, would be followed by a contract of employment continuing in nature. In part, when he asked the court to enforce his contract of employment, he had no contract for that unwritten agreement had expired at the end of the month before he brought his suit. Therefore, we believe that *University of Louisville v. Martin*, Ky.App., 574 S.W.2d 676, 679 (1978), has no application. Moreover, Ashley, having neither a contract nor tenure had no cause of action which eliminates his litigation from the standpoint of the merits.

■ Appellant, by way of reply brief, does not refute appellees' statement that the grievance procedure was "completed over six months ago" and by this we assume over six months prior to the filing of the University's brief (February 18, 1986). Ashley asked the court below to prohibit the appellees from removing him until the grievance procedure had been completed. It has now been completed so for this court to require the trial court to order any type of injunctive relief would, at this point, be an idle gesture. The rule is that appellate courts will not entertain a moot case or one where circumstances have changed or events have occurred which make a determination of a question unnecessary unless there is an issue of substantial public interest and we find none here. *Commonwealth v. Woods*, Ky., 342 S.W.2d 534 (1961); *Commonwealth v. Helm*, Ky., 464 S.W.2d 260 (1971).

■ One other contention deserves comment. Recalling that appellant was successful at one point before a grievance committee he, at that juncture, had suffered no injury or harm. Thereafter, he sustained a reversal at the hands of the Dean but had the opportunity, which he took, to appeal to the University Grievance committee. While this step was pending, he sought judicial relief alleging irreparable harm by virtue of damage to his reputation and loss of income due to the employment of his replacement, Lammers. Our view is that at the time of the commencement of this action, there was no injury to appellant's reputation because of the possi-

bility that he might have prevailed in his grievance procedure. In addition, if there had been a decision that he was entitled to tenure his compensation would have continued. In other words, we consider his litigation to have been premature. Putting it another way, exhaustion of administrative remedies must precede judicial review. *Board of Regents of Murray State University v. Curris*, Ky.App., 620 S.W.2d 322 (1981). We are aware that there are certain exceptions to the foregoing rule, one of which is that the courts will interfere with administrative proceedings where there is a claim that constitutional rights are being violated. *Pritchett v. Marshall*, Ky., 375 S.W.2d 253, 257 (1964), but in the case at bar, appellant has been unable to demonstrate that he has been denied due process.

The judgment is affirmed.

All concur.